UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WAYNE JEAN and BRENT RAZMEK,

    Plaintiffs,

v.

Case No.:
Division.:

USS AGENCY LLC, a Florida
limited liability company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs, WAYNE JEAN ("JEAN") and BRENT RAZMEK ("RAZMEK"), by and through undersigned counsel, and hereby file their Complaint and Demand for Jury Trial against Defendant, USS AGENCY LLC ("USS AGENCY"), a Florida limited liability company, and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in the United States District Court, Orlando Division, is proper pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as amended, for unpaid minimum and overtime wages, an additional equal amount of liquidated damages, an award of reasonable attorney's fees, and costs. 29 U.S.C. §216(b).

2. This Court has original jurisdiction to hear the below overtime claims and to adjudicate those claims pursuant to 29 U.S.C. §1331. This Court has supplemental jurisdiction to hear the below unpaid wage claim and to adjudicate those claims pursuant to 29 U.S.C. §1367.

1

3. Venue is proper in this Court, as a substantial part of the events and/or omissions giving rise to the asserted claims below occurred in this judicial district. 28 U.S.C. §1391(b)(2).

## PARTIES

4. At all times material to this action, Plaintiff JEAN was, and continues to reside in Orange County, Florida, within the Middle District of Florida. At all times material to this action, Plaintiff JEAN was employed by Defendant.

5. At all times material to this action, Plaintiff RAZMEK was, and continues to reside in Orange County, Florida, within the Middle District of Florida. At all times material to this action Plaintiff RAZMEK was employed by Defendant.

6. At all times material to this action, Defendant, USS AGENCY, was, and is, a Florida limited liability company, and is engaged in business in Florida, with a principal place of business in Winter Garden, Orange County, Florida, also in the Middle District of Florida. Defendant USS AGENCY was, and is, an employer within the meaning of the FLSA, 29 U.S.C. §203(d), and did employ both Plaintiffs.

7. At all times material to this action and within the relevant time period, Defendant was an enterprise engaged in interstate commerce within the meaning of the FLSA as they had employees who engaged in such commerce and had gross annual revenue in each relevant year that totaled $500,000 or more.

## STATEMENT OF FACTS

8. On or about January 1, 2019, Defendant hired JEAN to work in a security position. Defendant hired RAZMEK to work security on January 4, 2019. Plaintiffs were both non-exempt employees and paid hourly.

9. Throughout Plaintiffs' employment with Defendant, both at times worked in excess of 40 hours each week.

10. However, Defendant failed to compensate them with proper overtime wages for all hours worked over 40 in each workweek as required by the FLSA. Plaintiff was to be paid one and one-half times their regular rate of pay for all hours over 40 in any given workweek.

11. In addition, there are several time pay periods that Defendant simply failed to pay Plaintiffs any of their due wages including minimum wages, regular wages, and overtime wages, despite the fact that such wages were earned by Plaintiffs and thus due and owing by Defendant.

12. Pay records reflecting compensation paid to Plaintiff are in the possession of Defendant.

13. Defendant failed to maintain accurate time records of Plaintiff in violation of the FLSA regulations.

14. Plaintiff JEAN's last day of employment with Defendant was June 10, 2019. Plaintiff RAZMEK's last day of employment with Defendant was February 19, 2019.

15. Defendant violated the FLSA, state minimum wage laws, and Florida's common law, from January 1, 2019, through June 10, 2019, in that:

    a. Defendant failed to pay Plaintiffs their earned overtime wages for all of their hours worked in excess of 40 hours in each workweek as required by the FLSA;

    b. Defendant failed to pay Plaintiffs their minimum wages for all hours worked in each workweek as required by the FLSA and state minimum wage laws;

    c. Defendant failed to pay Plaintiffs their regular wages under Florida common law;

    d. No payments or provisions for payment have since been made by Defendant to properly compensate Plaintiff for her earned minimum or overtime wages; and

    e. Defendant has failed to maintain proper time records as mandated by FLSA regulations.

15. As a direct and proximate cause of Defendant's willful failure to pay wages, Plaintiffs have been damaged in the loss of minimum, regular, and overtime wage compensation for one or more weeks of work with Defendant.

16. Defendant's failure to properly compensate Plaintiff their earned minimum, regular, and overtime wages was willful.

17. Plaintiff has retained the undersigned attorneys to represent them in this litigation, and have and will incur costs and attorney's fees in pursing this claim against the Defendant.

## COUNT I
## JEAN'S UNPAID OVERTIME WAGES AGAINST DEFENDANT

18. Plaintiff JEAN realleges and incorporates paragraph 1 through 17 of this Complaint, as if fully set forth herein.

19. Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during his employment with Defendant.

20. Defendant failed to pay Plaintiff his earned overtime wages for each hour he worked over 40 in each workweek.

21. Defendant knew that it was not paying required overtime wages to Plaintiff as it failed to even issue paychecks for most of the pay periods.

22. At all times material hereto, Defendant failed to maintain proper time records as mandated by FLSA regulations.

23. Defendant willfully failed to pay Plaintiff overtime wages for one or more weeks of work in violation of 29 U.S.C. § 207.

24. As a direct and proximate cause of Defendant's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant.

25. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

26. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff JEAN requests judgment to be entered in his favor and against Defendant USS AGENCY for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT II
## JEAN'S UNPAID MINIMUM WAGES AGAINST DEFENDANT

27. Plaintiff JEAN realleges and incorporates paragraph 1 through 17 of this Complaint, as if fully set forth herein.

28. Plaintiff is entitled to be paid minimum wages for each hour worked in each workweek during his employment with Defendant.

29. Defendant failed to pay Plaintiff his earned minimum wages for each hour he worked in each workweek for most of his employment.

30. Defendant knew that it was not paying required minimum wages to Plaintiff as it failed to even issue paychecks for most of the pay periods.

31. At all times material hereto, Defendant failed to maintain proper time records as mandated by FLSA regulations.

32. Defendant willfully failed to pay Plaintiff minimum wages for one or more weeks of work in violation of 29 U.S.C. § 206.

33. As a direct and proximate cause of Defendant's deliberate failure to pay minimum wages, Plaintiff has been damaged in the loss of unpaid minimum wages for one or more weeks of work with Defendant.

34. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

35. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff JEAN requests judgment to be entered in his favor and against Defendant USS AGENCY for actual unpaid minimum wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT III
## JEAN'S UNPAID STATE MINIMUM WAGES AGAINST DEFENDANT

36. Plaintiff JEAN realleges and incorporates paragraph 1 through 17 of this Complaint, as if fully set forth herein.

37. Plaintiff is entitled to be paid state required minimum wages for each hour worked in each workweek during his employment with Defendant.

38. Defendant failed to pay Plaintiff his earned minimum wages for each hour he worked in each workweek for most of his employment.

39. Defendant knew that it was not paying required minimum wages to Plaintiff as it failed to even issue paychecks for most of the pay periods.

40. Plaintiff has satisfied all conditions precedent to the filing of this action.

41. Defendant willfully failed to pay Plaintiff minimum wages for one or more weeks of work in violation of Fla. Stat. § 448.110 and sec. 24, Art. X of the State Constitution.

42. As a direct and proximate cause of Defendant's deliberate failure to pay minimum wages, Plaintiff has been damaged in the loss of unpaid minimum wages for one or more weeks of work with Defendant.

43. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages.

44. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff JEAN requests judgment to be entered in his favor and against Defendant USS AGENCY for actual unpaid minimum wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT IV
## JEAN'S UNPAID WAGES AGAINST DEFENDANT

45. Plaintiff JEAN realleges and incorporates paragraph 1 through 17 of this Complaint, as if fully set forth herein.

46. Plaintiff worked for Defendant USS AGENCY and earned wages throughout his employment with Defendant.

47. Defendant failed to pay Plaintiff his earned wages for every hour he worked in each workweek for most of his employment in violation of Florida common law.

48. Plaintiff has satisfied all conditions precedent to the filing of this action.

49. As a direct and proximate cause of Defendant's failure to pay earned wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant.

50. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff JEAN requests judgment to be entered in his favor and against Defendant USS AGENCY for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT V
## RAZMEK'S UNPAID OVERTIME WAGES AGAINST DEFENDANT

51. Plaintiff RAZMEK realleges and incorporates paragraph 1 through 17 of this Complaint, as if fully set forth herein.

52. Plaintiff is entitled to be paid overtime wages for each hour worked over 40 in each workweek during his employment with Defendant.

53. Defendant failed to pay Plaintiff his earned overtime wages for each hour he worked over 40 in each workweek.

54. Defendant knew that it was not paying required overtime wages to Plaintiff as it failed to even issue paychecks for most of the pay periods.

55. At all times material hereto, Defendant failed to maintain proper time records as mandated by FLSA regulations.

56. Defendant willfully failed to pay Plaintiff overtime wages for one or more weeks of work in violation of 29 U.S.C. § 207.

57. As a direct and proximate cause of Defendant's deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of unpaid overtime wages for one or more weeks of work with Defendant.

58. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

59. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff RAZMEK requests judgment to be entered in his favor and against Defendant USS AGENCY for actual unpaid overtime wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT VI
## RAZMEK'S UNPAID MINIMUM WAGES AGAINST DEFENDANT

60. Plaintiff RAZMEK realleges and incorporates paragraph 1 through 17 of this Complaint, as if fully set forth herein.

61. Plaintiff is entitled to be paid minimum wages for each hour worked in each workweek during his employment with Defendant.

62. Defendant failed to pay Plaintiff his earned minimum wages for each hour he worked in each workweek for most of his employment.

63. Defendant knew that it was not paying required minimum wages to Plaintiff as it failed to even issue paychecks for most of the pay periods.

64. At all times material hereto, Defendant failed to maintain proper time records as mandated by FLSA regulations.

65. Defendant willfully failed to pay Plaintiff minimum wages for one or more weeks of work in violation of 29 U.S.C. § 206.

66. As a direct and proximate cause of Defendant's deliberate failure to pay minimum wages, Plaintiff has been damaged in the loss of unpaid minimum wages for one or more weeks of work with Defendant.

67. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages pursuant to 29 U.S.C. §216(b).

68. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff RAZMEK requests judgment to be entered in his favor and against Defendant USS AGENCY for actual unpaid minimum wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

**COUNT VII**
**RAZMEK'S UNPAID STATE MINIMUM WAGES AGAINST DEFENDANT**

69. Plaintiff RAZMEK realleges and incorporates paragraph 1 through 17 of this Complaint, as if fully set forth herein.

70. Plaintiff is entitled to be paid state required minimum wages for each hour worked in each workweek during his employment with Defendant.

71. Defendant failed to pay Plaintiff his earned minimum wages for each hour he worked in each workweek for most of his employment.

72. Defendant knew that it was not paying required minimum wages to Plaintiff as it failed to even issue paychecks for most of the pay periods.

73. Plaintiff has satisfied all conditions precedent to the filing of this action.

74. Defendant willfully failed to pay Plaintiff minimum wages for one or more weeks of work in violation of Fla. Stat. § 448.110 and sec. 24, Art. X of the State Constitution.

75. As a direct and proximate cause of Defendant's deliberate failure to pay minimum wages, Plaintiff has been damaged in the loss of unpaid minimum wages for one or more weeks of work with Defendant.

76. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff is entitled to an award of an additional equal amount for liquidated damages.

77. Additionally, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff RAZMEK requests judgment to be entered in his favor and against Defendant USS AGENCY for actual unpaid minimum wages, liquidated damages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## COUNT VIII
## RAZMEK'S UNPAID WAGES AGAINST DEFENDANT

78. Plaintiff RAZMEK realleges and incorporates paragraph 1 through 17 of this Complaint, as if fully set forth herein.

79. Plaintiff worked for Defendant USS AGENCY and earned wages throughout his employment with Defendant.

80. Defendant failed to pay Plaintiff his earned wages for every hour he worked in each workweek for most of his employment in violation of Florida common law.

81. Plaintiff has satisfied all conditions precedent to the filing of this action.

82. As a direct and proximate cause of Defendant's failure to pay earned wages, Plaintiff has been damaged in the loss of unpaid wages for one or more weeks of work with Defendant.

83. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff RAZMEK requests judgment to be entered in his favor and against Defendant USS AGENCY for actual unpaid wages, as well as costs and attorney's fees and such other relief deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury as to all issues so triable.

Dated this the 10th day of January, 2020.

/s/ Richard W. Smith
RICHARD W. SMITH, ESQUIRE
Florida Bar No.: 0013943
NEJAME LAW, P.A.
189 South Orange Ave, Suite 1800
Orlando, FL  32801
Telephone: (407) 500-0000
richard@nejamelaw.com
Attorney for Plaintiffs